IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:12-CV-332-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SIMS' PERSONAL PROPERTY ) | |
| Specifically Described as a 2012 ) | |
| Volkswagen Passat SEL, ) | |
| VIN: 1VWCH7A34CC057759 and any ) | ORDER |
| and all proceeds from the sale of said ) | |
| property, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| THOMAS EDWARD SIMS, II, ) | |
| ) | |
| Claimant. ) | |

This matter comes before the court on the parties' cross motions for summary judgment (DE 7, 22). Plaintiff filed this forfeiture matter on November 26, 2012, seeking the defendant property, namely the 2012 Volkswagen Passat SEL with VIN: 1VWCH7A34CC057759, pursuant to 21 U.S.C. § 881(a)(4). Plaintiff then moved for summary judgment, to which claimant responded with cross motion for summary judgment. These motions are now ripe for review. For the following reasons, the court grants summary judgment for plaintiff and denies summary judgment for claimant.

**STATEMENT OF UNDISPUTED FACTS**

On June 15, 2012, Detective B. Wilkins of the Lumberton Police Department received information from a confidential source that Joey Horne, Jr. was in possession of a quarter pound of marijuana and had an outstanding warrant for his arrest. Detective Wilkins also learned that Horne

and claimant left Horne's residence in a black Volkswagen Passat to attend a party in Lumberton, North Carolina.

Detective P. Marcinsky traveled to the residence where the party was taking place. Detectives Wilkins and Humphrey arrived to assist with surveillance and observed a black Volkswagen Passat in front of the residence. The Passat left the residence, and was stopped shortly thereafter for speeding by Detective Marcinsky.

Detectives Marcinsky, Wilkins, and Humphrey approached the vehicle. Horne was seated in the front passenger seat and identified himself as Chris Locklear. Detective Humphrey was aware of Horne's identity from searches he had conducted earlier in the day regarding the outstanding warrant.

A K-9 officer was called to conduct a search of the vehicle utilizing K-9 Spike, which alerted positively on the driver's side door of the vehicle. Detective Humphrey began a search of the vehicle on the driver's side and noticed that the side panel of the dash had tool marks on it. Detective Humphrey removed the panel and found a pill bottle containing twenty (20) yellow Percocet 10 mg. pills. Detective Wilkins searched the passenger side where Horne was seated. Detective Wilkins removed the dash airbag cover and located a Crown Royal bag containing two plastic sandwich bags containing marijuana. Detective Humphrey also located a Rossi .38 Special revolver handgun in claimant's coat on the backseat of the car.

Claimant was transported to the Lumberton Police Department, waived his right to counsel, and spoke with Detective Humphrey. Claimant said that the Percocet was his, and he took it from his grandmother without her knowledge. He also stated that the marijuana found inside the dash of the vehicle was his. Claimant claimed that he did not owe any money on the vehicle because he paid

cash for the car.[1]

Claimant was arrested and charged with maintaining a vehicle to keep controlled substances, carrying a concealed weapon, possession of drug paraphernalia, trafficking in opium by possession, trafficking in opium by transportation, and possession with intent to sell and deliver marijuana.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the

---

[1] According to plaintiff, the Passat at issue has a clean retail value of $25,775.00. Claimant does not offer any evidence as to the value of the Passat.

case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

B.   Analysis

Property subject to forfeiture to the United States includes "all . . . vehicles . . . which are used or are intended for use, to transport [illegal controlled substances]." 21 U.S.C. § 881(a)(4). Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981, *et seq.*, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Where, as here, there is a criminal offense that the property was used to facilitate, the government must also "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); see also United States v. 1966 Beechraft Aircraft, 777 F.2d 947, 953 (4th Cir. 1985) (finding that the use of a "vehicle or vessel to transport conspirators to the scene of a drug sale" is sufficient to show a substantial connection between that property and the underlying criminal activity).

The Eighth Amendment's Excessive Fines Clause is violated where "the forfeiture is grossly disproportional by a preponderance of the evidence" when compared to "the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g); see also United States v. Bajakajian, 524 U.S. 321, 334 (1998) (holding "that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense"). Courts tend to affirm a forfeiture challenged under the Excessive Fines Clause when the value of the property is less than the fine that could have been imposed by statute or under the United States Sentencing Guidelines ("USSG"). See, e.g., United States v. Ahmad, 213 F.3d 805, 817 (4th Cir. 2000) (considering the penalties that

4

the court could have imposed for the conduct giving rise to the forfeiture); United States v. 817 N.E. 29th Drive, Wilton Manors, 175 F.3d 1304, 1309-10 (11th Cir. 1999) (finding that if the value of the property is "within or near the permissible range of fines under the [USSG]," the forfeiture "almost certainly" is constitutional, and if it is "within the range of fines prescribed" by statute, a "strong presumption arises that the forfeiture is constitutional"). Claimant bears the burden of establishing this affirmative defense. 18 U.S.C. § 983(g)(3).

In this case, plaintiff has established by a preponderance of the evidence that the property is subject to forfeiture where the vehicle was used to transport illegal schedule I and schedule II controlled substances. See 21 U.S.C. § 881(a)(4). The facts of this case, where the illegal controlled substances were purposely hidden and transported in claimant's vehicle, also clearly establish a "substantial connection between the property and the offense." See 18 U.S.C. § 983(c)(3).

Claimant does not dispute the underlying facts in this case, but asserts the affirmative defense of excessive forfeiture pursuant to the Eighth Amendment. Claimant asserts that the small amount of marijuana he possessed is not even a felony by a preponderance of the evidence, because plaintiff has failed to allege any specific amount or provide evidence of remuneration or intent to distribute. See Claimant's Mem. 5-6. Thus, claimant contends this misdemeanor offense is "grossly disproportional" to the value of the Passat.

Claimant does not, however, explain how all of the undisputed facts only amount to a misdemeanor offense. Percocet and a concealed weapon were also found in the Passat, and admittedly belonged to claimant. Further weighing in the "gravity of the offense" are the facts that the marijuana was divided into two baggies suggesting distribution, and both the marijuana and Percocet were hidden in his vehicle. See 18 U.S.C. § 983(g). These facts suggest that claimant was

5

involved in dealing controlled substances, and not merely a casual marijuana user on a misdemeanor level as claimant contends. When considering the totality of the conduct at issue in this case, the statutory fines that claimant would face are between $1,000.00 and $1,000,000.00. See 21 U.S.C. § 841(b)(1)(C). Furthermore, the government calculates a USSG fine range of $3,000.00 to $30,000.00. Pl.'s Reply and Resp. 6.

The Passat is valued at over $25,000.00 according to plaintiff. Claimant contends that the vehicle is important to transport him between home and school, and he now has some difficulty sharing a vehicle with his mother. Claimant used the majority of his inheritance from his father's estate to purchase the vehicle because he was unable to obtain a loan as an unemployed college student.

Upon weighing the gravity of the offense conduct against the value of the Passat at issue in this case, the court finds that the forfeiture is not "grossly disproportional by a preponderance of the evidence." See 18 U.S.C. § 983(g); Ahmad, 213 F.3d at 817. Therefore, claimant's affirmative defense must fail, and summary judgment shall be granted in favor of plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED (DE 7), and claimant's motion for summary judgment is DENIED (DE 22). Defendant property is forfeited to the United States for disposal by the United States Marshal according to law. The clerk is directed to close this case.

SO ORDERED, this the 20th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge